UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CAUSE NO. 3:05CR99 AS |
| ) | |
| SCOTT PIECH ) | |
| ) | |

**MEMORANDUM, OPINION AND ORDER**

Scott Piech moves to suppress evidence found during a search of his bedroom in his parents' home. The Defendant claims that the consent to search given by his father, Thomas Piech, was involuntary.

I. Factual Background

According to the Defendant, Thomas and Colleen Piech were awakened from their sleep by several police officers on August 25, 2005. The officers had their son, the Defendant Scott Piech, in custody in a police car outside the home. As many as five armed officers entered the home and informed Mr. and Mrs. Piech that the officers had been told there were drugs in the home. They also told Mr. and Mrs. Piech that Scott had given his consent to search the home but they needed the parents' consent. Mr. Piech was given a consent to search form, it was explained to him, and he signed it. He later testified that he signed the form because he felt it was the right thing to do.

II. Discussion

The voluntariness of a Defendant's consent to search is a factual finding that turns on several factors, including: "(1) the person's age, intelligence, and education[;] (2) whether he was advised of his constitutional rights[;] (3) how long he was detained before he gave his consent[;]

(4) whether his consent was immediate, or was prompted by repeated requests by the authorities[;] (5) whether any physical coercion was used[;] and (6) whether the individual was in police custody when he gave his consent." *United States v. Santiago*, 428 F.3d 699, 704-705 (7th Cir. 2005) (quoting *United States v. Raibley*, 243 F.3d 1069, 1075-1076 (7th Cir. 2001)).  The Defendant does not address any of these factors, perhaps because none lead to the conclusion that Mr. Piech's consent was involuntary.

Instead, the Defendant relies on *Missouri v. Seibert*, 542 U.S. 600 (2004), but that case is easily distinguishable.  *Seibert* involved custodial interrogations of suspects who were given no *Miranda* warnings until after the interrogation had produced a confession.  The police would then convince the suspects to cover the same ground after the *Miranda* warnings.  In this case, the issue is the voluntariness of Thomas Piech's consent to search.  He was informed of his rights regarding the search *before* he signed the consent form.  He was informed that the officers needed his consent to search the home *before* he signed the consent form.  Those facts alone make *Seibert* inapplicable.  Perhaps *Seibert* would apply if the officers had searched the home, seized the evidence, and then solicited Mr. Piech's consent to search in the hopes of converting an improper search into a consensual search.  But no such conduct occurred here.

Finally, the Court agrees that probable cause is not at issue in relation to this search.  *See Schneckloth v. Bustamonte*, 412 U.S. 218, 237-238 (1973).

III.   Conclusion

The Defendant's motion to suppress is **DENIED**.  **SO ORDERED**.

**Date: March 3, 2006**                                       S/ ALLEN SHARP
                                                              **ALLEN SHARP, JUDGE**
                                                              **UNITED STATES DISTRICT COURT**